GOVERNMENT OF AMERICAN SAMOA,
Plaintiff

v.

ISUMU, FUIMAONO, AUMUA, FALESAU,
YANDALL, and TOLEAFOA,
Defendants

No. 1382-A-1974

ISUMU LEAPAGA,
Plaintiff

v.

GOVERNMENT OF AMERICAN SAMOA,
Defendant

No. 1409-1974

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

October 4, 1974

## ORDER GRANTING SUMMARY JUDGMENT

The above-entitled causes came before this Court on plaintiff's motion for summary judgment in L & T No. 1382-A-74. Mr. Ivi Pele appeared and represented defendant Isumu Leapaga and Mr. Ray Coston appeared and represented plaintiff Government of American Samoa. Following a motion in open court, it was agreed by both parties, and ordered by the Court, that this be combined for argument with L & T No. 1409-74, and that this hearing would constitute a hearing on the Government's motion for summary judgment in both cases.

The plaintiff in L & T No. 1382-A-74 (hereinafter, "Plaintiff") here seeks equitable relief to enforce rights the Government allegedly obtained over the land in question some fifteen years ago. Isumu Leapaga (defendant in L & T No. 1382-A-74, hereinafter "Defendant") has responded, inter alia, that the condemnation proceedings were defective for several technical reasons, that those proceedings did not comply with the condemnation statute then in force, that defendant Isumu was not given proper notice of the proposed condemnation, and that the Government has

abandoned the property by not using it for fifteen years following the condemnation and by preparing to use it for a purpose other than the one for which it was condemned.

Only three of defendant Isumu's claims are cognizable at this time. Generally, collateral attack on a condemnation judgment will be heard only when the judgment is attacked as void, and not merely technically defective. 30 C.J.S., Em. Dom. Par. 326. Defendant's claim that the judgment is void because it failed to meet the statutory requirements is completely unsupported by the facts. While the Court has been [sic] cited several constitutional and statutory provisions, none brought to the attention of the Court was in effect at the time of this condemnation. In fact, the proceeding does comport with the requirements of the statute that was in force, and, since there was no Constitution of American Samoa at that time, that statute could not violate such a constitution.

Defendant Isumu next claims that even if the original condemnation proceedings did comport with such a statute, that statute would violate the Due Process clause of the United States Constitution because it does not require actual notice to be given to someone resident on the land to be condemned, and, in fact, actual notice was not given to the defendant Isumu in this case. *Schroeder v. City of New York*, 371 U.S. 208, 89 A.L.R.2d 1398 (1962), decided two years after the currently attacked condemnation, does not support defendant's position. As the Court pointed out, the Constitution requires that notice be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections (citing cases)". 89 A.L.R.2d, at 1403. In *Schroeder*, where notice involved publication in small town newspapers at a great distance from the affected property and the posting of notices during the winter months when it could have been

reasonably expected that many land owners would be away, the Court found the notice did not meet the requirements. This Court now holds that the notice given in the case at bar *was* reasonably calculated to apprise the interested parties of the action and give them a chance to present their objections. In fact, this Court finds the notice was provided in such a way that it is simply inconceivable that defendant Isumu could have been on the land at the time, as he claims, and yet remain unaware of the proceedings.

◼ Finally, it is clear that the Government has not abandoned the land. Abandonment of condemned land requires an intention to abandon and an act effecting the abandonment. Even if the long period of nonuser [sic] here could constitute evidence of an intent to abandon, there is no supporting act. Further, mere nonuser or misuser is not sufficient to give rise to abandonment of properly condemned land. See 30 C.J.S., Em. Dom. Par. 458.

All of the other arguments advanced by defendant Isumu are either directed toward technical defects of the condemnation, so not cognizable now (see 30 C.J.S., Em. Dom., Par. 327, dealing with Res Judicata) or else wholly without merit.

Thus, since it is established that there is no genuine issue as to any material fact and that the Government of American Samoa is entitled to judgment as a matter of law, THEREFORE

IT IS ORDERED that judgment be entered in favor of plaintiff Government of American Samoa and against Isumu Leapaga in L & T No. 1382-A-74, and in favor of defendant Government of American Samoa and against plaintiff Isumu Leapaga in L & T No. 1409-74, and

IT IS FURTHER ORDERED that Isumu Leapaga shall deliver possession of the property that is the subject matter of this action to the Government of American Samoa, and that he be permanently enjoined from going

upon, or directly or indirectly interfering with construction upon, such property.